UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00017-MR

| | |
|---|---|
| DERRICK D. COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ALEXANDER CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Temporary Restraining Order." [Doc. 4].

Pro se Plaintiff Derrick D. Collins ("Plaintiff") is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. Plaintiff filed this action on February 9, 2022, pursuant to 42 U.S.C. § 1983, against 23 Defendants for violation of his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and for cruel and unusual punishment, gross negligence, and inadequate medical treatment.[1] [Doc. 1 at 1-3, Doc. 1-1 at

---

[1] In his Complaint, Plaintiff purports to bring his claims under both Bivens and 42 U.S.C. § 1983. [Doc. 1 at 3, 16]. It appears, however, that Plaintiff's claims arise under § 1983 only, if at all.

1-6]. Plaintiff, however, failed to pay the filing fee or file an application to proceed in forma pauperis ("IFP"). [Doc. 2]. The Clerk, therefore, sent Plaintiff a Notice of Deficiency requiring Plaintiff to either pay the filing fee or file an IFP application by March 2, 2022. [Id.]. Plaintiff has not yet complied with this Notice and the Court, therefore, has not completed its initial review of Plaintiff's Complaint.[2]

Now before the Court is Plaintiff's motion for temporary restraining order. [Doc. 4]. In this motion, Plaintiff complains as follows:

> Upon fileing my claim seeking relief for an ample amount of property I owned that vanished, I began to experience the willful intentional poisoning of one with an aim to do bodily harm. It seems as though the Defendant have been ordered to use the most sophisticated and effective methods known to man, to assemble an overwhelming amount of evidence then patiently, systematically present this to the subject who is the Plaintiff in this matter, probing him until a weakness is found and then exploiting that weakness until the subject breaks, implicating a worn down and exhausted forced answer, a system termed "brainwashing." In short, the administrative officials in charge of recording, collecting, analyzing, and disseminating information, has used Facebook to fabricate an imitation of the voices of those that are my friends and family, with authority intending to pass it for fraudulent gain.

---

[2] The Court has, however, generally reviewed Plaintiff's Complaint for the purpose of the instant motion.

2

[Doc. 4 at 2 (errors uncorrected)]. Plaintiff claims he is in "imminent danger and at risk of being irrabarably [*sic*] harmed in the custody of the Defendants." [Id.]. Plaintiff does not request any particular relief, but the Court can only construe this as a motion for an injunction requiring that he be transferred to a different institution. [See id.].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Plaintiff's motion for preliminary injunctive relief fails. Plaintiff's allegations are fantastical and delusional and are unrelated to the instant

action, in any event. Moreover, Plaintiff has not shown any likelihood of success on the merits. The Court cannot grant injunctive relief under these circumstances. The Court will, therefore, deny Plaintiff's request for injunctive relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 4] is **DENIED**.

**IT IS SO ORDERED**.

Signed: March 2, 2022

Martin Reidinger
Chief United States District Judge