UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00017-MR

| DERRICK D. COLLINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| ALEXANDER CORRECTIONAL INSTITUTION, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff paid the filing fee in this matter. [See 3/4/2022 (Court Only) Docket Entry].

I.  **BACKGROUND**

Pro se Plaintiff Derrick D. Collins ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. He filed this action on February 9, 2022 against 23 Defendants pursuant to 42 U.S.C. § 1983.[1] Plaintiff

---

[1] In one part of his Complaint, Plaintiff marks Bivens as the basis for federal court jurisdiction. [Doc. 1 at 3]. Later, Plaintiff references his Complaint as a "1983 U.S.C. Complaint." [Doc. 1-1 at 16]. The action, which is against 22 state employees and Alexander Correctional Institution, arises under 42 U.S.C. § 1983, if at all.

purports to assert claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as claims for gross negligence and "inadequate medical treatment." [Doc. 1-1 at 1]. Plaintiff claims involve numerous distinct incidents that Plaintiff alleges occurred at Alexander, spanning from his arrival there on April 23, 2021 to the most recent incident on December 21, 2021. [See Doc. 1-1].

For injuries, Plaintiff alleges that he has suffered "head trauma, hummiliation, embarassment, [and] body." [Doc. 1 at 5 (errors uncorrected)].

For relief, Plaintiff seeks $2.2 million in compensatory damages and $2.2 million in punitive damages. [Doc. 1-1 at 17].

## II. STANDARD OF REVIEW

"Notwithstanding any filing fee … that may have been paid," the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff, however, may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison

Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

Here, Plaintiff brings several unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court will not attempt to blindly select which related set of facts and Defendants Plaintiff might want to pursue in this action. The Court, however, will allow Plaintiff to amend his Complaint in accordance with the terms of this Order.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint(s) will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will

not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 9, 2022

Martin Reidinger
Chief United States District Judge