# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
### 5:22-cv-00017-MR

| | |
|---|---|
| DERRICK D. COLLINS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>ALEXANDER CORRECTIONAL )<br>INSTITUTION, )<br>)<br>    Defendant. )<br>_____ ) | <u>ORDER</u> |

**THIS MATTER** is before the Court on initial review of Plaintiff's

Amended Complaint, [Doc. 7], filed under 42 U.S.C. § 1983. <u>See</u> 28 U.S.C.

§ 1915(e)(2). Plaintiff paid the filing fee in this matter. [<u>See</u> 3/4/2022 (Court

Only) Docket Entry].

## I.  BACKGROUND

Pro se Plaintiff Derrick D. Collins ("Plaintiff") is a prisoner of the State

of North Carolina currently incarcerated at Alexander Correctional Institution

("Alexander") in Taylorsville, North Carolina. He filed this action on February

9, 2022 against 23 Defendants pursuant to 42 U.S.C. § 1983, purporting to

assert claims under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendments, as well as claims for gross negligence and "inadequate

medical treatment." [Docs 1, 1-1 at 1]. Plaintiff claims involved numerous distinct incidents that Plaintiff alleges occurred at Alexander, spanning from his arrival there on April 23, 2021 to the most recent incident on December 21, 2021. [See Doc. 1-1]. On initial review, the Court admonished Plaintiff that he "may not assert unrelated claims against unrelated defendants in a single action" and allowed Plaintiff to amend his Complaint to properly state a claim for relief in accordance with the Court's Order. [Doc. 6]. The Court further ordered that if Plaintiff failed to amend his Complaint accordingly, this action would be dismissed without prejudice. [Id. at 5].

Plaintiff has timely filed an Amended Complaint, [Doc. 7], which is now before the Court on initial review. In his Amended Complaint, Plaintiff names Alexander Correctional Institution as the sole Defendant. [Id. at 2]. Plaintiff, however, persists in seeking relief for multiple unrelated claims in a single action. [See Doc. 7]. Namely, Plaintiff details a series of event transpiring between June 15, 2021 and December 21, 2021, including alleged improper placement in segregation, confiscation of Plaintiff's mail, delays in Plaintiff receiving legal mail, unjustified cell searches, and use of excessive force on multiple occasions. [Id. at 12-14]. He claims violation of his rights under the First, Fourth, Fifth, and Eighth Amendments. [Id. at 3]. For injuries, Plaintiff claims he has suffered head trauma and nerve damage. He seeks $4.4

million in relief.  [Id. at 5].

## II.    STANDARD OF REVIEW

"Notwithstanding any filing fee … that may have been paid," the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc.

3

Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  As the Court noted on initial review of Plaintiff's original Complaint, a plaintiff may not assert unrelated claims against unrelated defendants in a single action.  See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).

Plaintiff nonetheless continues to assert at least some unrelated claims in the same action.  For instance, Plaintiff claims that he was placed in segregation "for no charges" for a period of 54 days beginning on June 15, 2021; that his mail was confiscated without warning on August 13, 2021; that he was beaten after being taken to the shower area on August 25, 2021 and then placed in full restraints, which caused nerve damage; and that an officer searched his cell and confiscated his belongings on December 21, 2021. Plaintiff now omits the multiple individuals allegedly responsible for these

4

events as Defendants and names only Alexander as a Defendant in this action.  A correctional institution, however, is not a "person" subject to suit under § 1983.  <u>Brooks v. Pembroke Jail</u>, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).  Thus, Alexander is not a proper Defendant in this action and will be dismissed.  Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and has otherwise failed to state a claim for relief, the Court will dismiss this action without prejudice.

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 7] is **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge